Case number 17-1229, Henry, Kids and Cars, Inc., and Center for Auto Safety Petitioners. Ms. Meyer for the petitioners, Ms. Zubrecki for the respondent.  In this case, petitioners seek a writ of mandamus to compel the Department of Transportation to initiate and complete the rulemaking for a rear seat belt warning system as required by Congress in June of 2012. The statute that was enacted by Congress in 2012 states that the agency shall initiate this rulemaking proceeding no later than two years after the effective date of the statute, which was October 1, 2012. And therefore, the agency was required by Congress to publish a proposed rule by October 1, 2014. Can I ask you once over that? As I know you're familiar, I'm having difficulty figuring out what initiate rulemaking means as compared to publish a notice of proposed rulemaking as compared to what the government thinks, do a study. And it seems to me that in the same act, sort of on the next page at least on my printout, is the Child Restraint Safety Ratings Program, which both orders the Secretary of Transportation to issue a notice of proposed rulemaking as compared to what was done in this section, which was to initiate rulemaking, and also tells the Secretary of Transportation to initiate and complete a study, which it didn't say in this case. So on the one hand, I have the government saying initiating a study is enough, and yet we have a statute where Congress said what it meant, when it meant to initiate a study. On the other hand, we have you saying it means issue a notice of proposed rulemaking. When on the next page, Congress said that. Is there something between these two? I mean, what is an issue? If initiating a proposed rulemaking is not the same as publishing an NPRM, what else could it be? Initiating a rulemaking is, under the Administrative Procedure Act, defined as the rulemaking process which begins with the notice of a proposed rule. So why didn't they just say that then? They chose to use the term initiate rulemaking. Again, that, those are terms of art. In the Perez case, the Supreme Court explained that... So you think they just got tired of using those words? I don't have an answer to that. I was hoping you might have some answer. On the very next page, they used the words you would want. I guess in terms of was there a middle ground, of course, an advance notice of proposed rulemaking would be a middle ground, to answer your question, and that sometimes does initiate rulemaking. But certainly what's being proposed... Maybe that is the answer. I mean, I will tell you this. The proposal for a study, which is what the government is relying on, certainly is not the initiation of rulemaking. And that Federal Register notice that they rely on for the proposed study doesn't comport with any of the requirements of initiating a rulemaking as defined by the Administrative Procedure Act. And in fact, we don't even know if that study was ever initiated or even approved by OMB or what the status of it is. But in any event, proposing a study certainly falls out of the category of what constitutes initiating rulemaking. Do you really mean that? I would have thought, had they done a study and then an NPRM or an advance notice of proposed rulemaking, one or the other, and actually sort of moved the ball forward in steps, as long as they eventually got to a final rule by...were in a position to have a final rule by 2015, you wouldn't have complaints about them having done a study to inform the notice of proposed rulemaking as part of initiating rulemaking, would you? We would have a problem if they had not actually issued a proposed rule. No, no, no. That's not my question, though. You just said a study can't be part of initiating a rulemaking, and that doesn't seem right. I don't believe... ...for a final rule, and so whatever they did, whatever they were doing to initiate rulemaking had to be steps that would lead to a final rule by 2015. I suppose there might be a circumstance where the notice of proposed rulemaking could say, here's the proposed rule as part of the rulemaking record, we're going to do a study. In that case, the statute demanded that they initiate rulemaking to promulgate a standard for the rear seat belt reminder with no later than two years after enactment of the statute, which they haven't done. Those two years are long gone, and to complete the rulemaking within three years, no later than three years after the statute was enacted, unless they gave certain reports to Congress, which didn't happen, so that hasn't been done. Have you filed a petition for rulemaking with the agency or initiated any proceeding before the agency? My clients didn't, Your Honor, but several other organizations did file a petition. Who and when? Public Citizen and Advocates for Highway Safety. When? When. Was that before or after the Moving Forward Act? I think Public Citizen did one in 2007. I think it was before the statute was passed, yes. Okay, so no, neither you, none of the petitioners here has done anything to initiate it, and there's no pending proceeding in any way, shape, or form before the agency? That's correct, that's correct. So how do we have, what jurisdiction are we protecting? There's no case that exists yet for us to protect. There's no agency proceeding, there's nothing going on. No, exactly, and that's why we seek a writ of mandamus for the Court to require the agency to get on with the rulemaking that Congress mandated in 2012. Congress said in 2012, we want this standard. No, I get that. And so that's the case. But we've said, even in an FCC case where somebody was alleging delay in rulemaking, that there has to be something pending before the agency or district court for us to have jurisdiction to issue a writ of mandamus. In Ray Tennant, we said that. Well, what's before the Court is the Congressional mandate here that we're asking the Court to enforce, and that mandate, again, required the agency to initiate rulemaking no later than two years after enactment of the statute, and to complete that rulemaking no later than three years after enactment of the statute. And neither one has occurred, and therefore, particularly because all of the track factors, which are used to decide whether or not the agency has committed unreasonable delay within the meaning of the Administrative Procedure Act, apply here. If they were to decide, I know they didn't hear, if they were to decide that we can't do this, you know, the language from Congress is not consistent with the standards of the Motor Vehicle Safety Act, and they were to send the letter to Congress saying that, would that be a reviewable final agency action, the determination that they can't do it, and they would send the letters to Congress? I think it would be, Your Honor, because they have to, the statute requires them to initiate a proposed rule. The escape valve for not actually issuing a standard because it doesn't take into account the factors that apply to all motor vehicle safety standards applies to a final rule. And therefore, we will have a proposed rule, we will have some kind of a record, the agency will then make that decision, and I think if the agency decides that it can't, as a final matter, that it cannot issue the standard that is required here because it doesn't meet certain requirements of the Motor Vehicle Safety Act, that would certainly be a reviewable decision. Where would that final agency action be reviewed? Here. District Court or here? I think here. How do you reconcile that with Public Citizen, which said a decision to decline a petition for rulemaking would be reviewable in District Court? I think it's because final standards that are, safety standards. That's what was going on in Public Citizen. They declined to do a rulemaking on a public vehicle, but as to that decision that we can't, they would not engage in rulemaking. That got reviewed in District Court. All this Court reviews is the safety standard once it issues. I don't know, Your Honor. Perhaps it would be reviewed in the District Court. It certainly would be reviewable. How would we have mandamus jurisdiction if one of the options for the Secretary here were to take a measure that would only be reviewable in District Court, not here? How would we then be aiding our jurisdiction? Because there's just as much chance that there's nothing that would ever come here. Well, you certainly have jurisdiction to order the agency to commence the rulemaking. There are two separate sections. I think that's what I'm asking. Yes. In the FCC cases, whether the agency makes a rule or decides not to make a rule, it's coming here. And so we have mandamus jurisdiction. Right. But this is different. This is an odd statute where if they do one thing, issue a safety standard, that comes up to us. Anything else they do seems to go to District Court first. And so I haven't seen a case that has a sort of split jurisdiction where we've concluded that we have authority to issue a writ of mandamus in aid of our potentially partial jurisdiction. Well, I haven't either, Your Honor. But it seems to me there should be no question that you have jurisdiction at an absolute minimum to compel the agency to initiate the rulemaking. Because the second step that you're talking about, which is what if the rulemaking record then doesn't support a final rule that comes after the command that they have to initiate the rulemaking? And again, because all final standards are reviewed by this court, this court is the proper court. Our jurisdiction to review, our jurisdiction to take up a matter of whether we can compel the agency to initiate the process in the way that you want depends on that being in aid of our jurisdiction ultimately to review the final rule. Right. Right. Yes. So necessarily at the end of the day, we have to address whether what we're doing is in aid of that ultimate jurisdiction. And I guess it is a little bit interesting that it's in aid of jurisdiction that we might have. It's also jurisdiction that we might not have, depending on which route the agency ultimately takes. Right. Well, of course, our position is there has to be a rule, and there will be a rule, and rulemaking and the rulemaking record that will be developed after the agency issues the proposed rule that is required by the statute will well support. Right. So your position is that we definitely have jurisdiction if a final rule is issued. Yes. And as long as there's that possibility, that's enough to track back and get us to let the wording go for the initiation. Correct. Yes, Your Honor. Can I ask something about this? So the dynamic between the final rule and the initiation of rulemaking, so the statute definitely says that there are circumstances in which the agency doesn't have to issue a final rule, does not have to issue a final rule. And there's certain things that have to happen for that to come about, but that at least exists, that possibility that no final rule will be issued, even though the statute contemplates a timeline by which a final rule would be issued. If there are circumstances in which the statute of its own force says a final rule need not be issued, why doesn't that track back to the initiation of rulemaking also? Because it seems a little bit odd to say you have to initiate rulemaking even if you're never going to issue a final rule. Well, the circumstances under which they don't have to ever issue a final rule is only if it doesn't meet the requirements that apply to all motor vehicle safety standards under the Motor Vehicle Safety Act. And those standards are whether or not it's reasonable, practicable, things like that. Our position is we're going to have no trouble demonstrating those in the rulemaking record. The rulemaking record will show once we get on with the rulemaking that's been required and it's way overdue, that this rule is practical, it's reasonable, it's already in place in European cars and Australian cars. We're not going to have trouble, we don't believe, showing that a final rule is consistent with these considerations that have to be taken into account. And therefore, there's not going to be any problem with this Court having jurisdiction to review if someone wants to challenge that final standard. But there wouldn't be a final standard to be challenged if the agency concludes that those considerations mean that they're not going to adopt a final rule. Right. Right. And then we would be suing the agency for failing to issue the final rule based on the rulemaking record that we believe we'll be able to develop once we get on with the rulemaking that was required by the statute. Okay. So your position is that at least the statute requires that that process begin, even if the agency, I'm just hypothesizing, even if the agency by hypothesis thinks it's very, very likely that no final rule is going to issue because it concludes that these considerations are not going to be met. Right. I mean, and it's always going to be true in a situation where an agency is required to process, they may decide there shouldn't be a rule. And I don't think that necessarily dictates whether or not this Court has jurisdiction over a petition for mandamus when it's clear and track makes clear that if a final rule issued by that agency would be reviewed by this Court, then this Court is the proper Court to decide a petition for mandamus. And that's where we are. That's exactly where we are now. In fact, we actually originally filed this case in district court and the Justice Department called us up and said, you're in the wrong court. So we looked at it and we agreed with them and we came to this Court. But in any event... So your theory is you essentially get mandamus to make them either fish or cut bait. Is that right? Either do the rule or say you can't, the processes that the statute prescribes. But you're supposed to have done something in these intervening six years. Our position, Your Honors, we're certainly entitled to, at an absolute minimum, mandamus to get a proposed rule. And that's going to start the process. And once we've got the process started, we believe everything's going to fall into place and there will be a final rule because these considerations... What if the statute requires them to do a proposed rule as opposed to study this That's not how the statute's written. The statute says that the agency shall, not later than two years after the date of the enactment of the Act, shall initiate a rulemaking proceeding to amend the standard. You don't amend the standard with a study. You amend the standard with a proposed rule. I'm talking about a study. I'm saying they start this process, start trying to draft up an NPRM and say, we can't do it. It's not consistent with the Vehicle Safety Act. Sorry, Congress. You're going to have to amend the law for this to happen. Well, I'll have to go to Congress then and get an amendment to the statute. But right now the statute requires them to initiate the rulemaking. And it required them to do that many years ago, and they haven't done it, and therefore they should be compelled to do so, particularly when the health and safety of the public, and particularly children who are the ones who sit in the back seats of these cars and need to be protected, their lives are at risk. I take it that you read the report provision as only applying to a final rule. That is, first there has to be initiation of rulemaking proceeding. And then if at the end of the rulemaking proceeding the agency has two choices, it can either issue the final rule or do the report. But it can't do the report before it does. Correct. Yes. These are separated out in two separate sections. One is called initiation of rulemaking proceeding, and that's where you initiate the rulemaking can be found. And then there's a second, subpart B, which addresses the final rule, and it says except as provided under Paragraph 2, the secretary shall issue a final rule no later than three years after the date of enactment of the act, which they haven't done. And then the next provision explains that they can,  unless there's a Motor Vehicle Safety Act, they can send that report to Congress. None of which has happened, by the way, within these timeframes. I don't disagree with you that that's the way the statute reads. I mean, you're obviously quoting the statute verbatim, and you're doing it accurately. But my question is why does it – maybe this universe of possibility just doesn't exist, and if not, you can explain to me why. But if Congress already set out that the agency could submit a report to Congress in connection with the final rule that explains the reasons that a final rule is not going to be issued because the statutory standards, the statutory predicates for regulating in this area aren't met, then why does it make sense to think that that couldn't also be the case with respect to starting the rulemaking process altogether? If the agency had concluded ex ante, we've looked forward. We're already seeing that this just can't happen because those conditions aren't going to be satisfied, and therefore it would be a waste of time to initiate the rulemaking process at all. Because, Your Honor, that's what the entire rulemaking process is for. The rulemaking process is meant to collect the data, get public comment, and inform the agency about what kind of a standard there should be and how it comports with these requirements that apply generally to all motor vehicle standards. So you can't prejudge that before you have the rulemaking record, and therefore it makes perfect sense the way it was written that after you've completed the rulemaking, if, in fact, the agency does not believe that it comports with the requirements of the Motor Vehicle Safety Act, it should submit a report to Congress. And maybe the reason for that is so that Congress can take whatever further action it needs to make sure this standard goes into place, having decided that it is an important standard that is needed to save the lives of many people and, in particular, children. My time is running out. I have one more question. Okay. On the provision with respect to final rules that permits the agency to send a letter to the committee and an explanation for why the final rule deadline can't be met and to establish a new deadline for that rule, I appreciate you don't think that's yet been done. You're right. I'm sorry. You're talking about Section 31505 now? Yes. Okay. The new deadline. Would the title be new deadline? Yes. I appreciate you don't think they've done that yet. If while we were speaking, the secretary were to write a letter to the chairman of the committees saying, decided to delay the time, give some reason, and we're going to delay it for 10 years, would you still be entitled to mandamus? Yes. Why is that? Two reasons. Number one, because the time for doing this has already passed. They're already in violation of this provision. This provision says if the secretary determines that a deadline cannot be met, it shall explain to Congress, et cetera. But that means cannot be met. It's already passed. Well, on your unreasonable delay, now they're not delaying anymore. They've now done what's said. On your theory, we could compel them to issue a final rule today? Is that your theory? No, I don't think you could compel them to issue a final rule today, but I think you could certainly, this goes to my second answer, Your Honor. Because this provision only applies, gives them an extra time to issue a final rule, it doesn't apply to their independent obligation under the statute to initiate rulemaking with a proposed rule. I'm not asking about that. I'm not asking about that. You ask for two things. Yes. You ask for a command that they issue a notice of proposed rulemaking and a command that they issue a final rule one year later, right? Yes. If they, albeit belatedly, send the necessary correspondence to Congress for a delay to the final rule, do you think we have the power to nonetheless compel them to issue that rule earlier than they say? Well, you certainly would have the power to make them initiate the rulemaking. I'm intentionally not asking that question. Okay. I just want to make sure we understand that. We understand that. Yes. If they've initiated the rulemaking and then they... No, even if they haven't initiated the rulemaking. Well, then I don't think this provision applies if they haven't initiated the rulemaking. Why is that? Because it only applies to the final. It only gives them an opportunity to get a new date for the issuance of the final rule. But it doesn't say that that date has to be after the initiation of the rulemaking. So unlike your reading that you and I followed together with respect to when the report could be issued, this doesn't fit in that same timeline. It doesn't tell us what the timeline is at all. That is, there's nothing that says after rulemaking has been initiated, then they can delay the final rule. It just says, stand alone, that if the Secretary determines that any deadline for issuing a final rule cannot be met, the Secretary shall provide the committee with an explanation and establish a new deadline. Right. And I guess my answer to that is, one, we think because all the deadlines have already passed, they don't get to use this provision at all. But my second answer is, if they're allowed to use this provision to get an extension on the issuance of the final rule, they would still have to end up with a final rule. They'd just have to establish a new deadline for that rule. And could you order them to do that if enough time passed and we had more unreasonable delay? Yes, of course. Well, I guess on that, I mean, we have many cases where the agencies pass their deadlines. Yes. Right. And when that happens, sometimes we order them to do something, but it's later. Right. But you're telling me we actually don't even have the authority to order them to do something later because the deadline has already passed. That's the end of it. If we have the authority, I mean, you're telling me we have the authority to do that. Why doesn't Congress have the authority to let them extend the deadline? It does have that authority, Your Honor, and it gave them that option, and it laid out how it should happen, and we believe when it should happen, and it didn't happen. Now, it's possible. I understand what you're saying, that you can read this as having no temporal limitation. I get that, Your Honor, and, you know, my second answer to your question is, if that's the way the court reads the statute, as long as the agency provides the information to Congress and gives them a new date, you know, we can see what that new date is. That does not get them out of their obligation to initiate rulemaking, and if the new date is something that they, again, as they've done in the past year, fail to meet, we could come back to the court and say unreasonable delay. If it's ambiguous as to this temporal issue, do we have authority to issue mandamus? Again, Your Honor, yes. To me, it's very clear you can issue a writ of mandamus to order the agency to initiate the rulemaking at an absolute minimum. Only on the final? I'm only talking about the second half of your question, final rule. Yes. Since mandamus is supposed to be for violation of a clear duty, if the statute is ambiguous about when the deadline can be extended by the secretary, do we have authority? Of course, we're talking about a hypothetical that hasn't occurred, because they haven't done this. If they did this process, I agree that it would be more difficult for us to ask this court to issue a writ of mandamus to require the issuance of a final rule pursuant to the new date that they've given Congress. But I don't want to belabor the point too much, but I do believe, even under those circumstances, we are entitled to a writ of mandamus for the initiation of the rulemaking, which we believe will then start the process, and we will end up with a rule or a decision that can be challenged as arbitrary and capricious and an abuse of discretion because no rule was issued. Further questions? Thank you. Good morning, Your Honors. Carlene Zubricki on behalf of the Department of Justice. At this point, we think that this case is about the Department of Transportation's compliance with a reporting requirement to Congress. This statute is essentially set up, it requires the Department of Transportation to either make a rule or let Congress know if it's not, if it doesn't think that that rule meets the requirements. And it tells the Department to do it in a certain time or to let Congress know if it needs additional time. It doesn't talk about the reporting requirement vis-a-vis the initiation of rulemaking, right? And that the way the statute 31503 is structured, that provision about initiation of rulemaking proceedings doesn't say anything about a report to Congress. And then there's a separate provision that deals with the final rule that talks about that. So with respect to this first question of whether there's been a lapse of the obligation to initiate rulemaking proceedings, are you still meaning to say that the report to Congress satisfies that too? Well, we disagree with Petitioner's understanding of what the sort of general instruction to initiate a rulemaking requirement actually means. Right. So you've got the argument that that's done because of a study, and we could talk about that. But what I'm wondering is your argument about the report to Congress, and we also have an argument about whether the report to Congress actually satisfies the report to Congress provision. But even assuming both of those things away, are you saying that the report to Congress is actually an out for the initiation of rulemaking? I think so, Your Honor. I think in context, when you sort of look at the way the statute is set up, I mean, the end result of this process, as some of the questions earlier I think suggested, the end result is either going to be a rule or a report to Congress explaining that they don't think that the requirements of 3111 are met here. And do you think that could be done before initiating rulemaking? Is that what you're saying? I think it could be done certainly before issuing an NPRM. And why do you think that? Well, we think that Congress, this goes to the statutory interpretation question about, you know, what it means to initiate a rulemaking. No, but assume that issuing a study doesn't. I think that was the purpose of this set of, just to tease out what each argument is. Assume that the study is not initiating rulemaking. Do you think that the agency can simply send a letter to Congress saying we've decided this doesn't fit the statute and therefore we're not going to issue a final rule and therefore we're not going to initiate rulemaking at all? I'm not sure if that would meet the statutory, the text of the statute here. What I will say is that nothing about this scheme suggests that there was any intention for anybody other than Congress to be sort of exercising oversight. If Congress felt that it needed more information from the agency at any point in time, it has many tools in its arsenal where it could get that information from the agency. We don't think that there's a clear intention. Well, suppose that the statute didn't have a final rule provision at all and the only provision in the statute is the initiation of rulemaking proceedings. Then it's always going to be the case that Congress and the agency can talk to each other and work things out. That's definitely the backdrop against which all these cases are brought up. But if all that was at issue was a provision that 31503 just has an initiation of rulemaking proceedings, then it would be more difficult to come up and say the statute, the way this is supposed to get worked out, is between Congress and the agency to the entire exclusion of judicial involvement, right? I think that would be more difficult, yes. And we do think that it makes sense to read that initiator rulemaking proceeding, which we take to be a general instruction, in the context of the whole scheme that Congress has set up here. And what other than for the initiation of rulemaking proceeding, if I'm just looking at that provision separately, you've got your argument that the study is initiation of rulemaking. What else do you have on that provision? I don't think that the argument is that a specific study is the thing that satisfies this requirement. The argument is that what Congress was telling the agency to do was get started on looking into this, and the agency undertook sort of a number of regulatory steps to get started. I mean, I direct the Court not only to the fact that in other provisions in the statute, Congress uses much clearer language when it wants the agency to do a specific thing. I'd also direct the Court to do that. I'm just trying to – okay, so all of that, it sounds like all of what you're coming forward with has to do with It's all an argument that the steps that the agency has taken, in fact, constitute initiation of rulemaking proceedings. I just want to make sure I'm understanding the analytical framework of your argument. So that's where your argument is. Sure, that's that argument. I mean, stepping back more broadly, we also don't think that there's any indication that Congress intended this sort of a requirement to be something that gave private citizens the ability to come into court and enforce these particular deadlines. So we don't sort of – even setting aside the definition of the phrase, initiate a rulemaking, we don't think that this statutory scheme sets out the kinds of clear and indisputable – Is that different from lots of other statutory schemes that have had deadlines for actions under which mandamus is issued? Where did Congress say this one is different? I think it's quite different that the outcomes of the rulemaking here are to go back and give a report to Congress. Well, that's more a question of whether the mandamus standard has been met. But I'm just asking, in the nature of the mandatory directive language and deadlines, there's nothing about that that's different than any cases – a lot of cases where Congress knows mandamus has been available when its standards have been met for noncompliance. I think the other thing I would direct the Court to is the provision in 31505 expressly authorizing the Department of Transportation to extend this deadline. I'm not aware of any case issuing mandamus when the agency has actually – When you say this deadline, which deadline are you talking about? Because 31505 speaks in terms of, quote, deadline for issuing a final rule, quote. And there is a deadline for issuing a final rule, but it doesn't appear to be the same as the deadline for initiation of rulemaking proceedings. Sure. I mean, in context, we think that it sort of encompasses this whole rulemaking proceeding. We also do think that the agency has initiated a rulemaking proceeding here, so that deadline has been – that interim deadline has been satisfied. But in context, you know, it wouldn't make that much sense to have a scheme where this sort of intermediate step of the process was enforceable when the agency actually has the express authority to establish the deadline for the ultimate action that we're talking about. And that ultimate action is very likely – or, you know, it could certainly possibly be a report back to Congress and not even a rule. I mean, it seems to me that – You said in your brief, you said some deadlines that were for June to just about a month from now, reporting an NPRM to the Secretary of Transportation, OMB, the end of July. Are those two deadlines still on track? Our information is that that's still the anticipated timeline. I want to be clear that that's not an absolute guarantee, but the current information that – Because you all have done this before with things where you said, oh, we expect to get it here by this date, and then it never happens. Does this one seem more likely to happen than the ones in the past that haven't, or are you in the same boat? All I can tell the Court is that the most recent public filings, as recently as last week and a month ago in April, continue to maintain the same anticipated timelines that were set out in that October report. So, you know, that's where we are right now. Again, that's not a guarantee, but that is the current sort of information that we have. I didn't understand your brief to be making an argument other than that the rulemaking proceeding, in fact, has been initiated because of the study-related actions. I didn't – maybe I missed it, but I didn't understand your brief to be making the argument that because the statute provides for extending the deadline for a final rule by issuance of a letter slash report to Congress, that necessarily tracks back and also informs the initiation of rulemaking, and the same reporting obligation can result in an – reporting option can result in an extension of the initiation of rulemaking deadline, too. I didn't – did I miss that? I'm not sure we expressly framed the argument in those terms. I do think it makes sense to sort of read what sort of a mandamusable requirement here would be in the context of the whole statute. I would also direct the court just with respect to the statutory interpretation question. There are other provisions in the Safety Act. I would direct the court to 4930.128 – or 49 U.S.C. 30.128. There the court – the Congress says both that the agency shall initiate a rulemaking proceeding and that within that proceeding it should issue a proposed rule at a certain time. So it uses sort of both phrases separately. These are different – There's also a section that says it should initiate a study, and we don't have that in this one. Sure, and I think that, you know, the study here was initiated certainly as part of a rulemaking proceeding. You know, it's a general phrase. Did that study ever happen? Yes, yes. I mean, certainly there were steps taken on the study. I believe that the agency ought some information. I'm not sure all of the details of where that is now. The brief talks about they had this proposal to do the study but never says it was actually executed. I don't believe it's been finalized, but I don't think that there's a public report from it. But the agency has been sort of taking steps on this in this area. But more generally, what petitioners seem to me to be arguing at this point is that – I guess I wanted to back up then even further and ask about our jurisdiction to issue a writ of mandamus. Are there petitions for rulemaking on this issue pending before the agency that you're aware of? No, not – I know that there's something that was filed in 2007 that the court alluded to, but I have not sort of focused on that aspect of this. We don't take this mandamus petition to be –  Exactly. No, exactly. It wouldn't have been a petition to compel the action required for rulemaking under this statute. So what – do we even have original jurisdiction to issue a writ of mandamus when there's no pending proceeding in district court or before the agency that would lead to our jurisdiction? I think the court may not have that jurisdiction. I mean, especially when you – Did you advise the other side that it had to be in this court as compared to the district court? I was not sort of involved. I'm not exactly sure what happened at that stage in the process. The other – the lawyer for the other side represented that the government called up and said the case belongs in the court of appeals. I can't speak to what happened at that stage. I'd be happy to. Can you find out and let us know the answer to that? Sure, sure. Also, it's – your position, I think, is that the study, what you've done, what the agency has done in connection with the study is the initiation of rulemaking proceedings, right? Our – I think we have two – yes, that is one of our positions. I would also say – Then if that's true, there is something pending before the agency. Well, there's not a – there's not something over which we think that this court would necessarily have jurisdiction. For instance, if the agency declined to issue a rule here and went back to notify Congress about that, I certainly don't think there's any clear indication that there would be jurisdiction to review that notification back to Congress. I'm not aware of that. No, I guess my question is if there's a requirement that the predicate for our jurisdiction is that there has to be something active before the agency to sort of trigger it. And one way to do that, obviously, would be a petition for rulemaking that would initiate a process. But your position is that there's been initiation of rulemaking, quote, initiation of rulemaking by virtue of the actions conducted by the study in connection with – by virtue of the actions taken by the agency in connection with the study. So there is something. Already there's something to grab onto. Sure. I think – I mean, there's been a – there is a proceeding. Again, I'm not sure if – how exactly that would square with kind of the protective jurisdiction down the road, given that the outcome of that could very well be just a report back to Congress. Well, that wasn't a proceeding initiated by these parties that are invoking that jurisdiction. Precisely. That's a proceeding initiated pursuant to a statute and not individual parties. You know, if I may, it seems to us that what petitioners are arguing at this point is that – primarily that if the Department of Transportation's communications with Congress were somehow deficient, then the agency can be – Well, let me ask you about that. It's not clear to me that that's an appropriate reading of the statute. If you first begin by Congress ordering you to initiate rulemaking, and if, for example, we thought that was a notice of proposed rulemaking and not this study, and then in the end the agency decides not to, normally it publishes its reasons, right? And there could then be a challenge to those reasons as arbitrary and capricious. You could – I appreciate it if – that if the Congress said, and the only consequence is a report, but you could just as well read the report provision as we want to know if you've decided not to do that, so give us notice. But we don't, by saying give us notice, mean to preclude the normal APA process of reviewing a claim of a refusal to regulate as arbitrary and capricious. Respectfully, I think that, you know, it's not hugely normal for Congress to give this kind of an instruction. Actually, it is quite normal for Congress to order reports on how agencies are going forward with their mandates. This is not particularly unusual. Its placement in the middle of the statute is, but it's not unusual for Congress to want to know what happened to that rulemaking. Sure. We – I mean, when we read the statute, it suggests pretty strongly that Congress intended to exercise oversight of this, and I'll note that this is something where – Yes, oversight, but that's not inconsistent with APA, which Congress also passed and provides for judicial review. We often review either a refusal to petition to institute rulemaking after there's a petition or a refusal to actually issue the rule after there's been a notice of proposed rulemaking. We do those under the APA. The fact that Congress said, we also – we want to know what you did and why you did it doesn't necessarily mean that it cuts off the normal routes of review. Do you have a case in which that says that that's the case? I don't have a directly on point case for that. I would direct the Court to the Hodel case. That was an independent study. There was no demand for rulemaking to begin or anything like that. That was a request from, I think, California, and they wanted to know – to the Interior Department, and they wanted to know what the answer – you know, if they're going to deny the request. That wasn't a demand by Congress that there be initiation of rulemaking. But I think that the basic principle that this is a statute that sets up a sort of back-and-forth to Congress with respect to both the final outcome and the timing suggests that this is an area where Congress is going back and forth with the agency about both the timing and the substance. And, you know, again, Congress has exercised oversight about the many requirements throughout the MAP-21 Act and the later FAST Act. You know, it's come up at hearings. It's come up at oversight hearings. We don't think that this statute suggests an intent for sort of individual plaintiffs to be able to come in and sort of have one of the many requirements as their priority come in front of all of the many other requirements that were imposed in this same series of acts. So you've got this argument that this isn't a deadline that ought to be subject to judicial oversight at all. And then you've also got the argument that – and I'm talking about the initiation of rulemaking. You've also got the argument that that's actually been satisfied by virtue of the actions taken in connection with the study. With respect to that, you attached to your brief these submissions to OIRA. If I'm reading that right, then, for example, on Addendum 2, there's an entry that says legal deadline, action NPRM, store statutory description, initiate date October 1, 2014. And that was a submission made by the agency. So it seems like at least the way the agency was conceiving of it with respect to that report is that the initiation deadline of October 1, 2014 is with respect to an NPRM. I don't think the court should read too much about sort of the details of the statutory interpretation into that, the sort of listing of the deadline. So that sounds like what you're saying is that whoever filled that out was just wrong, and that may be right. They were listing the deadline, and then they specified the deadlines that initiate. That's how I read that. I don't understand that. How do you read this other than that the action that needs to be taken by October 1, 2014 is initiate, and that action is an NPRM? That might be wrong. I'm not saying that anyone's bound to that. Again, I would just not read too much into sort of the statutory interpretation based on the way that the agency filled out that particular document. Well, where do we read this statutory interpretation? Where do we read your interpretation? Where does your interpretation come from that it's a study? I think it comes from just a plain meaning of initiate or rulemaking. So it's not the view of the agency. It's the view of the agency's lawyers. No, I mean I think that there are actually other, if I could, I believe that there's another one of similar documents in the appendix, and I'm forgetting exactly which page it is, but you'll see it. Yes, and it's addendum 4, and it takes, in some ways, looks like a different position from previous two. So addendum 1 uses the language that Judge Srinivasan just pointed out. Under legal deadline, it issues NPRM October 1, 2014. Then there's addendum 2, which is in the fall of 2015. Again, it says legal deadline, initiate 2014. And both of them say this rulemaking would amend Federal Motor Vehicle Safety Standard number 208. This rulemaking would respond, et cetera, suggesting that it hasn't done so yet. That is, there hasn't been a rulemaking yet, and it hasn't been initiated yet. Same thing with addendum 2. The first one is change, which says the rulemaking project was initiated in July 2012. That's not until October 2017. So is that a change in, this is, of course, a new administration. They're entitled to a new interpretation. Is that a new, or actually it's not. I'm wrong. It's still, have they changed their position? I don't think there's been a change in position on any of this. I think over time, the deadlines, you know, the agency's understanding of its priorities and how quickly it was likely to be able to move on this changed. And I think, you know, in 2015, this statute, this regulation was for the first time they recognized that it would be economically significant. That's something that would require sort of extra levels of review and make it more complicated. And so the agency has sort of periodically pushed back its anticipated timeline. I'm not sure that there's been any kind of a sort of internal interpretation that these documents are supposed to be getting to about the initiator rulemaking. But we certainly don't think that that initiator rulemaking language was intended whatsoever to create a sort of judicially enforceable deadline for this intermediate step in a process that Congress has in fact exercised close oversight of. Can I ask about your letter to the Congress? Sure. That's Addendum 5? Yes. And the place where the new deadlines are is Addendum 4, is that right? Yes. Okay. And where in the letter do you do what Congress requires, which is with respect to the deadline, which is to give an explanation for why the deadline cannot be met and establish a new deadline for the rule? Sure. So there's a link on page 6. Yes. And that link goes to the regulatory agenda, which sets forth, and I don't believe the specific regulatory agenda is included in the addendum, but if you click the link in that letter, it goes to a document that lays out all of the many regulatory rulemakings that the agency is taking and the legal deadline. Did I actually follow the link? Yes. And it doesn't go to this page. So for the second part of the letter you're going to send us, including the question of how you advise the other side, could you say how you get from the link, which is the agenda, which is the unified agenda, to the Addendum 4, which is the report on significant DOT rulemakings. How would Congress know that the deadline has been extended and the reason which I take it is additional coordination necessary? Sure. I'm happy to provide more on that, but I would just also note that this kind of formal letter is not the only interaction that Congress has with the agency on this very issue. Have you made a representation to us? Is that some other kind of notification? We haven't specified. The statute says, if you want to rely on this, the statute says the Secretary shall provide the Committee on Commerce, Science and Transportation, and this Committee on Energy and Commerce with an explanation for why the deadline cannot be met and establish a new deadline. All I'm asking you is when did you do that? You've only given us one thing, which is these letters, right? Yes. Are you telling us there's a telephone call that's not in the record or what? My general point is that this is an issue where the timing has come up at multiple oversight hearings. Congress has asked the acting administrator of NHTSA and the Secretary of Transportation about the progress on these proceedings, including this very proceeding. Okay. That may be sufficient. Can you give us a citation, or better yet, the pages of the transcript of those hearings before both the Committee on Commerce, Science and Transportation of the Senate and the Committee on Energy and Commerce of the House of Representatives where the new deadline has been told to the Committee and for an explanation for why. I'm not saying you didn't do that, but so far you haven't told us that you did. I'm happy to provide the court with whatever there is on this exactly. Can I just ask a technical question to follow up on Chief Judge Garland? Because I thought that on Addendum 6, the link, I thought that your view was that the link does take you to what's on Addendum 4. I don't think that's exactly right. Okay. What do you mean by not exactly? Addendum 4 is another public document on the website. But you can't get to it from that link. You can get to it if they told you to go to the website, but otherwise you can't get to it. At least I couldn't get to it. So if we're going to rely on it, and we're relying on it for proposition of the new deadline, we'll have to tell us how that's good enough. And if that's not good enough, how this discussion in a hearing is good enough. I'm happy to provide something further to the court on that. I will just say more generally. I'm sorry, I just want to be precise on this. Of course. It's one thing to say that the link doesn't take you directly there, which evidently it doesn't. Are you saying that you're not relying on the link ultimately getting you to Addendum 4 at all? I don't think that the link takes you to Addendum 4. That's right. But Addendum 4 is another publicly available document. It's the regulatory, the significant rulemaking report that's issued by the agency. But, you know, again, I would just – I do want to go back to the idea that we don't think – we think that if – that Congress is best positioned to supervise it. If Congress believes that there's a deficiency in the way that it's been – I'm sorry to interrupt with that. But if DOT were to decide that it can't do a rulemaking and were to send the statutorily required letters to Congress, so it would make a final decision that we're not going to do a rulemaking and would send the letters to Congress, where would that final decision – could that final decision be challenged and in which court? I'm not sure, Your Honor. Okay. And when you say – you said a couple of times that you think the statute is meant to – I'm sorry. Could you actually repeat that last question one more time? I think I may have misheard part of it. Okay. So imagine in a hypothetical world that we're at the point where the Secretary of Transportation says – we can't do this type of regulation given the Motor Vehicle Safety Act requirements and standards. I'm going to comply with my obligation under the statute, send my letters to Congress explaining to them why federal law now doesn't allow us to do it, sort of put the ball back in their court, right? We do not think that anybody would have the ability to petition for review from that decision. We think that that would be a notification to Congress pursuant to a statute, and there's no basis for thinking that anybody intended for, you know, a private group to be able to come in and get review of that decision. It would rather be back in the hands of Congress to decide whether it thought that a further rule was necessary. Wouldn't that be a decision not to engage in rulemaking that would be reviewable under the APA? I don't believe – I believe the way this scheme works is that ordinarily somebody who's aggrieved by a rulemaking standard can file – the decision to promulgate a rulemaking standard – sorry, a safety standard can seek review. But I don't think that a letter to Congress would be final agency action in a normal sense. So even if the Secretary's explanations hypothetically were entirely fanciful, arbitrary and capricious, in every word, there would be no judicial – there would be no ability for an aggrieved party, like Kids in Cars, to file a lawsuit challenging that final agency determination not to engage in rulemaking. We think that the agency's – or, sorry, that Kids in Cars or a private citizen's recourse would be to go to Congress in that circumstance. Well, what we have here – or there's some other time to file a petition for – there's a complete withdrawal from the APA, this whole process, this decisional process. We can't enforce the deadlines. We can't – no one can review your decision. Unless you actually issue a final rule, nobody can do anything. I'm not sure it's a withdrawal from the APA. Again, an individual could file petitions, could sort of go through whatever the ordinary processes are. Well, what on earth reason would they have to file a petition for rulemaking the day after you sent letters to Congress saying no way, no how, notwithstanding your direction to us, Congress, that we can issue a rule? Surely that wouldn't be required, would it? We just don't think that this statute provides a basis for private litigants to enforce anything. Instead, it suggests that this is a conversation both with respect to the timing and the substance between Congress and the agency. And we think that Congress is amply able to enforce any dissatisfaction it may have with the agency's compliance with the reporting requirements to Congress. Is that based on something particular about this statute vis-a-vis APA review? Normally, why wouldn't the – if the agency submits a letter to Congress and says, you know what, I flipped a coin yesterday and it came up tails. If it came up heads, I would have initiated a final rule, but it came up tails and therefore I'm not. And it seems like the way you're reading the statute is to say there's no APA review. I think this is some – yes, I think that that's the way we read the statute. This is something that Congress was asking the agency to get back to it on, and there's not really a role that's evinced in the statute for private litigants. But it's enacted against the backdrop of the APA. I'm sorry? It's enacted against the backdrop of the APA. Sure, but I think it's committed – I'm not sure exactly what prong I would put it under, but I do think that this is something where there's just – this is not something that is anticipated to be the subject of. Are there at all directions by the Congress to initiate rulemaking? Every time Congress says initiate a rulemaking on a motor vehicle safety standard and doesn't say anything more, or issue by such-and-such date a final rule, without the stuff about the reports in there, do you think that is also just a back and forth between Congress and the agency and not reviewable? I guess I'd have to think about that a little bit more. I certainly think it's a much easier case here, where the final thing that would come out of that initiation is a report to Congress or a rule. That depends on your reading of the statute. That's the only thing that's required as compared to what normally happens after an agency initiates rulemaking and decides not to go forward. It says so, and that can be reviewed. It's reviewed under a very weak standard, but it's still reviewed. So does this all depend on a reading of the statute that says the only resolution is a notice to Congress? Because those words are not in the statute, a report to Congress. I don't think we're saying that it depends. I think what our argument here is that this entire statutory scheme suggests just taking a step back here, we're talking about a statute that imposed dozens of rulemaking requirements. But there are lots of statutes that impose dozens, and usually we don't say this is just a matter between Congress and the agency. Because, by the way, that determines that a later Congress can overturn what an earlier Congress wanted done. So if the first Congress wants this kind of regulation, and the second Congress, because of changes in the majority or whatever, decides it doesn't, your reading would mean that the second Congress can vitiate the results of a first Congress, which we normally say can't be done without a new statute. But you're saying that everything is up to whatever the Congress at the time should do, decides to do with respect to enforcement. I don't think our argument is about congressional enforcement. It is about the congressional enforcement of the timelines here and an ultimate notification to Congress. I think the statute does also, we don't dispute, of course, that the statute does tell the agency that if this does meet all of the requirements of normal safety standards, applicable to normal safety standards, then it should issue the rule on a timeline, again, that the agency itself has the authority to extend. And so, you know, I don't think this runs into precisely that type of problem because the agency, you know, if it meets all of the requirements of a safety standard, will, at the time determined by the Secretary, issue a rule. I have one small question. And on your brief where you say that the NPRM is supposed to go to the Secretary on June 21st, is that when it goes to the Secretary, will that be a matter of public record that we would be able to know about? I know that the next step, the July deadline when it goes to OMB, will be public. I am not completely sure whether the first step will be. Other questions? Okay, we'll take a rebuttal here. Thank you, Your Honor. Just a few points in response to the government's argument. Number one, it's our position that it's very clear from the statute that Congress anticipated and wanted this agency to conduct a rulemaking proceeding with a notice of proposed rule and a final rule. And the agency itself understood this, as Judge Sreenivasan pointed out, in its own regulatory agenda documents, which it attached to its brief. It talks about those obligations compelled by this statute and gives dates for when the notice of proposed rulemaking was going to be published and when the final rule was going to be published. The idea that proposing a study would somehow satisfy those requirements simply just doesn't fly. And with respect to this study that has been proposed, I've been on the link that was provided by the government. Nothing's happened at all, as far as I can tell, since 2013. They sent this study, the request over to OMB. The proposal for the study doesn't even cite the statute we're talking about. It does not cite the rule we're talking about. It talks about just doing a study, and as far as I can tell, no study was ever done. No study was approved. There were a couple of comments in response to that Federal Register notice, and that's the end of it. Number three, the letters to Congress. Those letters to Congress that the agency is relying on, like the proposed study it's relying on, they don't address the statute we're talking about at all. They were sent pursuant to a different statute. They do not discuss this standard at all, and therefore they have they do not satisfy any of the requirements of this statute. And the last thing I want to end with is under the track factors, what's particularly egregious in this situation, we have all of the factors in our favor. The only thing the government ever came up with in its brief was it has competing priorities. At the same time, this agency, since last October, has been asking the public through a formal Federal Register notice to please send in the list of safety standards you would like us to rescind. That's what they're spending their time and resources on at 82 Federal Register 45750, the October 2, 2017 Federal Register. I hate to end this on a downer for you, and maybe this won't be, but this is just a fact question that has terribly confused me. Okay. So in your brief, you say that the consequences will be 1,000 people die per year, 1,000 deaths per year of not having this rule, or put it the other way, savings would be 1,000 lives per year. In the Obama Administration's notice, which is in Agenda 2, it said the proposed rule would result in 43.7 to 65.4 equivalent lives saved. I don't know. I have a difficult time figuring out what equivalent lives means in these circumstances. Right. Where do they get this, and where do you get your 1,000? I'm not saying it makes a difference to me. Right. We saw this. The numbers that we cite are in our brief. I don't have the citations. But there isn't a citation in your brief. Pardon me? There isn't a citation for 1,000 lives saved. That's the part I'm looking for. There are citations for how it will save lives. There are citations for people don't use seatbelts in the back, citations for percentages. I don't see the calculation. Okay. I don't have that calculation citation for you right here, Your Honor. I'll look and try to give it to you. But with respect to what the government has said, we're still talking about hundreds of lives that would have been saved had they met the deadline that was imposed on them. Hundreds. And this number, second point, doesn't even talk about injuries at all. And we're also talking about serious injuries every single year that are suffered by people who sit in the back seat and aren't wearing their seatbelts. And the third thing I'll say about this provision that you're looking at is there's a note here that says these are preliminary estimates. They have not been reviewed, and they could change. So it may be, could very well be higher. But, again, it doesn't talk about injuries at all. So it's pretty clear that Congress believed that there was a problem here that needed to be resolved, that people were dying in the back seat because they didn't have their seatbelts on, principally children, and that this standard would solve or substantially reduce that problem. NHTSA itself admits that, you know, in the Federal Register notice about the study, if they're relying on it. To make you go on. Well, if you look at that, they also. Just trying to reconcile the numbers. Okay. Right. If I can find that citation, I'll send it out to you. And the government, I think, has three things to send us, or is it two? There was the where you've discussed this with Congress. There was how you get through the link. Some hide the idea that there was a third. The communications with counsel. Oh, yes, the communications with counsel. And can I just add the where they discussed it with Congress was never cited in their briefs. I understand. That's why I'm asking. We'd like an opportunity to respond to those as well. File a letter. Thank you. Okay. We'll take the matter under submission. Thank you all.
judges: Garland, Srinivasan, Millett